UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

JUANICE GAINES,

Plaintiff,

v.                               6:11-cv-102

UNITED STATES OF AMERICA,

Defendant.

## ORDER

Juanice Gaines moves the Court to reopen the judgment of his criminal conviction. ECF No. 19 at 5. For the reasons set forth below, the Court **DENIES** Gaines's motion.

### I. BACKGROUND

On January 7, 2009, Gaines pleaded guilty to one count of conspiracy to possess with intent to distribute, and to distribute, a quantity of cocaine base and a quantity of cocaine hydrochloride. 6:08-cr-12, ECF Nos. 205, 272. He was sentenced on May 20, 2009, to 156 months in prison. 6:08-cr-12, ECF No. 272. He did not file a direct appeal. ECF No. 5 at 2.

On September 1, 2011, Gaines filed a motion under 28 U.S.C. § 2255. ECF No. 1. The Court adopted the Report and Recommendations of the Magistrate Judge, ECF No. 9, who found that Gaines's § 2255 motion was untimely, ECF No. 5 at 2-3. Thus, the Court dismissed Gaines's § 2255 Motion on October 20, 2011. ECF No. 10.

On August 26, 2014, Gaines filed a Motion for Relief from Judgment Pursuant to Rule 60(b)(6). ECF No. 19.

### II. ANALYSIS

Under Rule 60(b), the Court may grant a party relief from a judgment or order. Fed. R. Civ. P. 60(b); *see also Griffin v. Swim-Tech, Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) ("Motions under [Rule 60(b)] are directed to the sound discretion of the district court."). Under subsection (6), a case may be reopened on account of any reason not otherwise listed that justifies relief. Fed. R. Civ. P. 60(b)(6).

In order to avail himself of relief under Rule 60(b)(6), a party is required to file a motion "within a reasonable time" after entry of the judgment. Fed. R. Civ. P. 60(c)(1). "A determination of what constitutes a reasonable time depends on the facts in an individual case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." *Ramsey v. Walker*, 304 F. App'x 827, 828 (11th Cir. 2008) (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).

Here, Gaines has filed his Rule 60(b)(6) Motion on August 26, 2014. ECF No. 19. As noted above, he was sentenced on May 20, 2009, and his conviction became final on June 6, 2009. ECF No. 5 at 2. Gaines has offered no "good reason" to explain why he has delayed over five years since his conviction became final. *See Ramsey*, 304 F. App'x at 828. He has offered no basis

upon which the Court could find that his delay was justified.

Gaines points to two decisions of the Supreme Court of the United States that he argues offer him relief. ECF No. 19 at 2. But neither case is sufficiently recent to make his Motion timely; both are more than a year old. *See Martinez v. Ryan*, 566 U.S. 1 (2012); *Trevino v. Thaler*, 569 U.S. ___, 133 S. Ct. 1911 (2013) (decided May 28, 2013). Without an explanation for Gaines's delay, the Court is forced to conclude it is unwarranted. *See Ramsey*, 304 F. App'x at 829 (holding that the district court did not abuse its discretion in denying petitioner's motion when motion was filed more than six years after denial of habeas petition and two years after cases on which petitioner relied were decided).

The Court finds that Gaines's delay violates violate Rule 60(c)(1)'s requirement that such motions be made "within a reasonable time." Therefore, the Court finds that Gaines's 60(b)(6) Motion is untimely.

### III. CONCLUSION

Because it is untimely, the Court **DENIES** Gaines's Rule 60(b)(6) Motion.

This _14_ day of September 2014.

B. AVANT EDENFIELD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA