UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. CR608-012 |
| ) | |
| JUANICE GAINES ) | |

# REPORT AND RECOMMENDATION

Juanice Gaines, serving a 156-month sentence (doc. 270) after pleading guilty to a cocaine conspiracy (doc. 205), letter-moves[1] the Court to "make a *nunc pro tunc* designation" effectively granting him credit on his federal sentence for time served on a separate state sentence. Doc. 545. The government opposes, arguing that the Court lacks authority to modify Gaines' sentence to provide for concurrent service of state and federal sentences. Doc. 547 at 2. The government is correct.

"The authority of a district court to modify an imprisonment sentence is narrowly limited by statute," *United States v. Phillips*, 597

---

[1] Parties should submit to this Court formal complaints, petitions, motions, briefs, and Fed. R. Civ. P. 72(b)(2) Objections, *not* letters. Fed. R. Crim. P. 47(a) ("A party applying to the court for an order must do so by motion."); *see also* Fed. R. Civ. P. 7(b)(1) (In a civil case, "[a] request for a court order must be made by motion."); Letters can get lost, while complaints, motions and briefs are filed in the record of each case.  This creates a public record of a matter presented for the Court's consideration. *See In Re: Unsolicited Letters to Federal Judges*, 126 F. Supp. 2d 1073 (S.D. Ga. 2000).

F.3d 1190, 1194-95 (11th Cir. 2010), and this case does not fit within those limits. The Bureau of Prisons has not filed a motion asking for a reduction due to Gaines's age and circumstances, *see* 18 U.S.C. § 3582(c)(1)(A); the government has not filed a Rule 35 motion, *see id.* § 3582(c)(1)(B); Gaines' advisory Guideline range has not been lowered by a retroactive amendment, *see id.* § 3582(c)(2); and the 14-day time limit for any correction of the sentence due to "arithmetical, technical, or other clear error" has long passed. *See* Fed. R. Crim. P. 35(a).[2] Gaines' motion (doc. 545) therefore must be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 21st day of September, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[2] The BOP, in its "sound discretion," can "designate a state prison as a place of federal confinement *nunc pro tunc*." *Roman v. Nash*, 184 F. App'x 277, 279 (3d Cir. 2006) (citing *Barden v. Keohane*, 921 F.2d 476, 481 (3d Cir. 1990)). If Gaines disagrees with the BOP's resolution of his request, he must pursue administrative appellate remedies, and, if still unsatisfied, may file a 28 U.S.C. § 2241 petition for habeas corpus, *see Setser v. United States*, 132 S. Ct. 1463, 1473 (2012); *Hicks v. Jordan*, 165 F. App'x 797, 798-800 (11th Cir. 2006), which must be filed in the district of his confinement. *See* 28 U.S.C. § 2241; *Rumsfeld v. Padilla*, 542 U.S. 426, 442-443 (2004); *see also Romandine v. United States*, 206 F.3d 731, 737 (7th Cir. 2000) (federal sentences are presumptively consecutive if unprovided-for, and any future decision on allowing a sentence to be served concurrent to a state sentence "is made by the Attorney General . . . rather than the federal judge") (citing 18 U.S.C. § 3584(c)).