UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

By tblanchard at 3:24 pm, Apr 13, 2017

| | | |
|---|---|---|
| JUANICE GAINES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV617-006 |
| | ) | CR608-012 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Guilty-plea convicted for conspiracy to possess with intent to distribute cocaine, Juanice Gaines, proceeding *pro se*, moves under 28 U.S.C. § 2255 to vacate career offender enhancement applied to his 2009 sentence. Doc. 578;[1] *see* docs. 5 (indictment), 275 (plea agreement), 272 (judgment for 156 months' imprisonment). After the Court orally pronounced his sentence, Gaines moved to withdraw his guilty plea. *See* doc. 367 (denying Gaines' motion for leave to appeal *in forma pauperis* because his appeal "[wa]s untimely, frivolous, and represents 'sour grapes over a sentence once pronounced.'") (quoting *United States v.*

---

[1] The Court is citing to the criminal docket in CR617-006 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

*Vonn*, 535 U.S. 55, 57 (2002)). That appeal was dismissed as frivolous. Doc. 389 (mandate of the Eleventh Circuit). Since then, he has repeatedly sought to unwind his sentence, to similar result. *See, e.g.*, docs. 392, 438, 467, 515, 523, 534, 561, 578. This is not his first § 2255 rodeo.

I. **BACKGROUND**

Gaines' first motion to vacate his sentence was dismissed as untimely. Docs. 392 & 397; *see also Gaines v. United States*, No. 11-15404-A (11th Cir. Apr. 30, 2012) (denying certificate of appealability). His second attempt to neutralize his enhanced sentence was summarily rejected. *See In re Gaines*, No. 16-14732 (11th Cir. Jul. 26, 2016) (Gaines' sentence is undisturbed, because he was not enhanced pursuant to the Armed Career Criminal Act (ACCA) -- he was sentenced as a career offender under the Sentencing Guidelines, and *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015) (holding the ACCA "residual clause" unconstitutionally vague) has no effect on the Guidelines); *see also Beckles v. United States*, __ U.S. __, 2017 WL 855781 (Mar. 6, 2017) (holding that *Johnson does not* extend to the identical language of the Sentencing Guidelines' residual clause); *United States v. Matchett*, 802

2

F.3d 1185 (11th Cir. 2015) (same). As was his third attempt. *See In re: Gaines*, No. 16-15547-C (11th Cir. Sept. 21, 2016) (denying Gaines' request to file a successive § 2255 motion).

## II. ANALYSIS

Gaines now seeks to file a successive § 2255 motion, without first asking permission from the Eleventh Circuit to do so (presumably since his prior attempts have been rejected). Doc. 578; *see* (28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Absent that authorization, this Court lacks jurisdiction to hear any argument already addressed "on the merits." *See Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000); *see also In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) (collecting cases) (dismissal as time-barred is "on the merits," making any later motion challenging the same conviction successive and, therefore, requiring authorization by the Circuit panel prior to filing in the district court); *Stewart v. United States*, 646 F.3d 856, 861 (11th Cir. 2011) (describing a limited class of cases where the successiveness bar

3

would *not* apply, none of which are applicable here). All of Gaines' claims are impermissibly successive (meaning the Court cannot hear them).

Gaines resurrects several of his already-rejected arguments under the guise of an ineffective assistance of counsel (IAC) claim. *Id.* at 4-7. His second claim (that the Government breached its plea-agreement promises by enhancing his sentence under 21 U.S.C. § 851[2]), third claim (disputing the career offender enhancement is both (a) unconstitutional after *Johnson* and *Mathis* and (b) invalid because it was not mentioned in his plea agreement), and fourth claim (arguing that his prior drug convictions are no longer enhancement predicates following *Mathis* and "*Hinkle*"[3]) are all impermissibly successive. *See In re Gaines*, No. 16-14732 (11th Cir. 2016) (denying authorization to file a successive § 2255 motion because *Johnson* changes nothing about his Sentencing Guidelines-enhanced sentence).

Movant has already had (at least) one § 2255 dismissed on the

---

[2] It is unclear why Gaines believes his sentence was so enhanced; movant's sentence was enhanced under U.S.S.G. § 4B1.1. PSR ¶ 22; *see* doc. 388 at 15.

[3] It is also unclear which case movant intends to cite, as a case search has not revealed any *"United States v. Hinkle"* Supreme Court case having any effect on Gaines' status as a career offender.

4

merits. Doc. 397, 402, 409 & 433; *see In re Rains*, 659 F.3d at 1275 (dismissal as time-barred is "on the merits"). He cites no "newly discovered evidence"[4] or "new rule of constitutional law" that would

---

[4] In addition to being barred as successive, Gaines' new claim -- that "he is actual[ly] innocent of the said offense based on newly discovered evidence that one of the lead investigator[s] of the Bulloch County Sheriff's office . . . had to resign from his post based on the misuse of funds" (doc. 578 at 3) -- is also dead on arrival. Movant claims that one of the prosecution's witnesses committed "fraud upon the Court" during his criminal case because the witness was later accused of misbehavior in a completely unrelated matter. *See* doc. 584 at 3, 6-8, 11-12.

Some six years after DEA Task Force Agent Ken Munsey (an investigator of the underlying cocaine distribution conspiracy) testified in Gaines' criminal case, he resigned in disgrace from the Bulloch County Sheriff's Department following an Internal Affairs investigation of his mismanagement of funds as the executor of an Estate. *See* doc. 584 at 6, 10-11 (beginning in February 2012, Munsey used approximately $140,000 in Estate funds for his personal benefit without permission from the Estate's beneficiary). The deceit was discovered in January 2015 and a civil lawsuit was filed against Munsey in June 2015. *Id.* Gaines alleges Munsey's executor-fraud taints his testimony in this case, including his testimony at Gaines' January 2009 Rule 11 plea hearing. *Id.*

Gaines, however, does not identify any statement made by Munsey that was false (much less perjurious). *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (it is movant's "burden to plead and prove his claims, including citation to the trial and any other relevant records."). In fact, Gaines admitted and affirmed Munsey's testimony by pleading guilty. *See* doc. 387 at 74-76; *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *United States v. Spitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986) ("[I]f the Rule 11 plea-taking procedure is careful and detailed, the defendant will not later be heard to contend that he swore falsely."). *See also* Presentence Investigative Report (PSR) at ¶¶ 5-9 (unrebutted account of conduct and investigation consistent with Munsey's testimony).

Further, he has failed to demonstrate that the Government had any knowledge of Munsey's (unrelated, future) misconduct at the time of the hearing, much less that

appear to invoke this Court's ability to reevaluate these claims. *See* 28 U.S.C. § 2255(h). Gaines must therefore go to the Eleventh Circuit for permission if he wants those claims aired, and this Court can do nothing with them absent that permission.[5] should be **DISMISSED**.

---

(had the prosecution been able to see six years into the future and learn of that misconduct) the Government had any duty to disclose that potential impeachment evidence prior to entering into the plea agreement with Gaines. *See United States v. Ruiz*, 536 U.S. 622, 633 (2002) ("[T]he Constitution does not require the Government to disclose material impeachment evidence prior to entering a plea agreement with a criminal defendant."). And Gaines pleaded guilty, waiving all of his trial rights, including the right to receive material impeachment information. Doc. 395 at 7, 22-31, 34-35.

His lack of impeachment information (based, again, on Munsey's *future* conduct) could not have potentially result in a lower sentence, much less unwind his knowing and voluntary plea, based on his unambiguous admission of guilt. *See id.* at 61-64; *United States v. Baez-Arrogo*, 553 F. App'x 922, 955 (11th Cir. 2014) (government's failure to disclose impeachment evidence does not make defendant's guilty plea involuntary or unknowing); *Davidson v. United States*, 138 F. App'x 238, 239 (11th Cir. 2005) (new information that would-have impeached a search warrant affidavit does not unwind defendant's guilty plea). This argument is utterly meritless.

[5] Moreover, these claims are procedurally defaulted, though repackaged as IAC claims. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) (claims already raised and rejected on appeal are foreclosed); *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (same); *United States v. Montano*, 398 F.3d 1276, 1279-80 (11th Cir. 2005) (associated, meritless IAC claims do not overcome that procedural bar); *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (same). On appeal, Gaines was told in no uncertain terms that his *Johnson* arguments held no water -- his sentence was enhanced under the Sentencing Guidelines, not the ACCA. *In re Gaines*, No. 16-14732 (11th Cir. 2012). Nothing has changed that holding. *See Beckles*, 2017 WL 855781 (*Johnson* has no effect on the Sentencing Guidelines). So any argument regarding the *Johnson* or *Mathis* decisions -- both bearing *only* on enhancements under the ACCA -- was (and continues to be) completely irrelevant to movant's case. And counsel cannot be found deficient for failing to press a meritless point. *Jones v. Barnes*, 463 U.S. 745, 751 (1983) (there is no "constitutional right to compel appointed counsel to press nonfrivolous points"); *Evitts v. Lucey*, 469 U.S. 387, 394 (1985) (counsel "need not advance every argument,

## III. CONCLUSION

Accordingly, the Government's motion to dismiss Gaines' successive § 2255 motion should be **GRANTED**. Doc. 584. For the reasons set forth above, it is plain that he raises no substantial claim of deprivation of a constitutional right. Accordingly, no certificate of appealability should issue. 28 U.S.C. § 2253; Fed. R. App. P. 22(b); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). Any motion for leave to appeal *in forma pauperis* therefore is moot.

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

---

regardless of merit, urged by the appellant . . . .").

7

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this __13th__ day of April, 2017.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA