# United States District Court
# for the Southern District of Georgia
# Statesboro Division

FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:01 pm, May 20, 2020

```
UNITED STATES OF AMERICA,    )
                             )
v.                           )    CR 608-012-3
                             )
JUANICE GAINES,              )
                             )
     Defendant.              )
```

**ORDER**

Before the Court are Defendant Juanice Gaines' motion for immediate release, pursuant to 18 U.S.C. § 3582(c), as modified by the First Step Act of 2018, and his motion requesting the Court reduce his sentence and/or provide a recommendation to the Bureau of Prisons ("BOP") that he be granted pre-release placement in a halfway house. Dkt. Nos. 626, 627. The Government has responded in opposition[1] and asks the Court to dismiss Gaines' First Step Act motion and deny Gaines' sentence reduction/halfway house motion. Dkt. No. 628.

**DISCUSSION**

**I.  First Step Act Motion**

In February and May 2019, Gaines moved for a sentence reduction under § 3582(c)(1)(B) based upon the First Step Act. Dkt. Nos. 606, 614. This Court denied Gaines' First Step Act

---

[1] Although the Government's opposition brief is labeled a motion rather than a response, the Court construes it as a response.

motion on May 28, 2019. Dkt. No. 616. Gaines did not appeal that decision.

Section 404(c) of the First Step Act specifically states that "[n]o court shall entertain a motion made under this section to reduce a sentence . . . if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." Pub. L. 115-391, 132 Stat. 5194 (2018). Because this Court has already reviewed Gaines' initial First Step Act motion and denied it on the merits, it is now without jurisdiction to review his second First Step Act motion. See United States v. Johnson, No. CR 108-110 (S.D. Ga. Apr. 24, 2020) (granting motion to dismiss under § 404(c) and explaining that "the Court may not address Defendant's second First Step Act motion"). Accordingly, Gaines' motion for release under § 3582, as amended by the First Step Act, dkt. no. 626, is **DISMISSED.**

**II. Reduced Sentence and/or Halfway House Placement Motion**

Gaines also moves the Court to resentence him for less time and/or place him in a halfway house. Dkt. No. 627. With regard to Gaines' motion for a reduced sentence or "downward variance," he argues that the Court should consider the factors contained in 18 U.S.C. § 3553(a), as well as his post-conviction

rehabilitation efforts, citing Pepper v. United States, 562 U.S. 476 (2011).

First, "[t]he authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010) (citing 18 U.S.C. § 3582(c)).  Gaines does not meet any of the exceptions contained in § 3582(c) which would allow the Court to modify his sentence, nor does he show that Federal Rule of Criminal Procedure 35 applies to allow this Court to correct or reduce his sentence.  Secondly, Gaines' reliance on Pepper is misplaced.  There, the Supreme Court held that evidence of post-sentencing rehabilitation is relevant and may support a downward variance "when a defendant's sentence has been set aside on appeal and his case remanded for resentencing."  562 U.S. at 490-91.  Here, Gaines is not before the Court on remand for resentencing.  Therefore, the holding in Pepper and the § 3553(a) factors are inapplicable.

Finally, Gaines requests the Court recommend to the BOP that he be placed in a halfway house for the last twelve months of his sentence, citing the Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (2008).  As the Court explained in its Order dated August 22, 2018, pre-release custody placement like the one sought by Gaines is a matter committed to the authority of the BOP, not the Court.  See 18 U.S.C. § 3624(c).  Although

Gaines cites the Second Chance Act, nothing in that statute alters the BOP's discretion as to where it places prisoners. See Vasquez v. Strada, 684 F.3d 431, 434 (3d Cir. 2012) (explaining that the BOP has discretion under the Second Chance Act to determine prisoner [residential reentry center] placements). Accordingly, Gaines' motion, dkt. no. 627, must be **DENIED**.

### CONCLUSION

Gaines' motion for release pursuant to the First Step Act, dkt. no. 626, is **DISMISSED**. Gaines' motion for reduction in sentence and/or recommendation for placement in a halfway house, dkt. no. 627, is **DENIED**.

**SO ORDERED,** this 20th day of May, 2020.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4